**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

DANIEL J. TUTUNGIAN,

      **Plaintiff,**

      **v.**                      **Civil Action No. 25-12099-MPK**

NATIONAL GRID USA, et al.,

      **Defendants.**

**ORDER**

March 25, 2026

**KELLEY, M.J.**

Plaintiff Daniel J. Tutungian, a Massachusetts resident and former employee of defendant National Grid USA and its subsidiary Massachusetts Electric Company, filed a *pro se* complaint pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq, and related state law claims. Plaintiff also seeks leave to proceed *in forma pauperis*, for alternative service on the foreign-based defendants, and for service by the United States Marshals Service.

Upon review of these documents, the court hereby orders:

1.      The Clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

2.      The motion for leave to proceed *in forma pauperis* is granted.

3.      Because Tutungian is proceeding *in forma pauperis*, the Court conducts a preliminary screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party that is immune to

such relief.  Because Tutungian is representing himself, the Court construes his complaint more liberally than a pleading drafted by a lawyer.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's complaint names thirty-nine (39) defendants, including more than a dozen defendants located in Australia or the United Kingdom.  Doc. No. 1.  Upon preliminary review, the Court finds insufficient factual allegations to support an FMLA claim against any of the sixteen (16) foreign based defendants.  Tutungian alleges that these 16 defendants either received emails, notices, or materials concerning plaintiff and failed to take action.  *See id.* at ¶ 14 (Zoe Yujnovich); *id.* at ¶ 15 (John Pettigrew), *id.* at ¶16 ( Andrew Agg); *id.* at ¶ 20 (Justine Campbell); *id.* at ¶ 23 (Paula Rosput Reynolds); *id.* at ¶ 39 (Nicola Medalova); *id.* at ¶ 40 (Lord Ian Livingston); *id.* at ¶ 41 (Iain Mackay);  *id.* at ¶ 42 (Earl Shipp); *id.* at ¶ 43 (Jonathan Silver); *id.* at ¶ 44 (Martha Wyrsch); *id.* at ¶ 45 (Julian Baddeley); *id.* at ¶ 46 (Ben Wilson); *id.* at ¶ 47 (Steve Smith); *id.* at ¶ 48 (Courtney Geduldig); and *id.* at ¶ 49 (Will Serle).

"The FMLA applies only to 'employers,' which includes 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees.' " *Boadi v. Ctr. for Hum. Dev., Inc.*, 239 F. Supp. 3d 333, 348 (D. Mass. 2017) (quoting 29 U.S.C. §§ 2611(4)(A)(ii)(I), 2615(a)(1)–(2)).  The Supreme Court and First Circuit have yet to address whether supervisors can be held individually liable as employers under the FMLA, but courts within the First Circuit have adopted the majority viewpoint that individual supervisors can be held liable for FMLA violations.  *Rousseau v. Clark University*, No. 22-40118-DJC,  2023 WL 3435570, at *2–3 (D. Mass. 2023) (collecting cases).  To determine if a supervisor exercises sufficient control to be considered an employer, this Court must examine whether the supervisor "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) maintained

employment records and (5) had personal responsibility for making decisions that contributed to the alleged violation." *Id.* (citation omitted).

The complaint fails to sufficiently allege facts to support a claim against these defendants under the FMLA.  If plaintiff wishes to pursue claims against any of these defendants, he must, on or before April 22, 2026, show cause why the claims are not subject to dismissal or file an amended complaint stating a claim upon which relief can be granted as to each defendant. Summons shall not issue against these defendants without further order of the Court.

4.      The Clerk shall issue summons for service of the complaint on the remaining defendants.[1]  Plaintiff is responsible for serving the summons, complaint, and this Order in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5.      The motion for alternate service is denied.

6.      The motion for service by the United States Marshals Service is granted. Because plaintiff is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS").  If plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service and a completed USM-285 form for each non-foreign defendant to be served.  The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

---

[1]  National Grid USA; Massachusetts Electric Company; Sedgwick Claims Management Services, Inc.; Lisa Wieland; Thomas Mulligan; Jennifer Geosits; Ronald Gerwatowski; Michael Zeytoonian; Melanie Manoach; Maria Marotta; Charlene Price; Joseph Arcudi; Daniel Hurley; James Scesny; Autumn Baker; Andrew Beliveau; Ann Marie Daruwalla; Jennifer Briere; Seana Jones; Ryan Dinneen; Linda George; Margaret Hogan; and Stephen Woerner.

7.      Plaintiff shall have 90 days from the date of the issuance of the summonses to complete service.  Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Plaintiff. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**SO ORDERED.**

/s/ M. PAGE KELLEY
M. PAGE KELLEY
United States Magistrate Judge